UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

OTIS JAMES WRIGHT, and all others
similarly situated under 29

     Plaintiff,

vs.

GRC LANDSCAPING II LLC, A/K/A
GRC LANDSCAPING SERVICES,
LLC a Florida Corporation,
DEON BOTHA individually,
DANIEL GOLDSTEIN individually,
FRANK PERKINS individually

     Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, OTIS JAMES WRIGHT, by and through his undersigned attorney, and hereby sues Defendants, GRC LANDSCAPING II LLC, A/K/A GRC LANDSCAPING SERVICES, LLC, a Florida Corporation (hereinafter "GRC"), and DEON BOTHA individually, DANIEL GOLDSTEIN individually, and FRANK PERKINS individually and as grounds alleges:

JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.    Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant GRC is a Florida corporation which regularly conducted business within the Southern District of Florida by providing landscape services.

6. GRC is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, GRC operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and GRC obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of GRC was at all times material hereto in excess of $500,000.00 per annum. GRC had gross annual revenue in excess of $500,000, for the year of 2015. GRC had gross annual revenue in excess of $375,000, during the first three quarters of 2016. Upon information and belief, the gross annual revenue for GRC is expected to $500,000.00 for the year of 2016.

8. By reason of the foregoing, GRC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, DEON BOTHA, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly

involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs.  Defendant BOTHA controlled the purse strings for the corporate Defendant. Defendant BOTHA hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

10. The individual Defendant, DANIEL GOLDSTEIN, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation, controlled the purse strings for the corporate Defendant, and had the authority to hire and fire employees, determine their rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

11. The individual Defendant, FRANK PERKINS, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs.  Defendant PERKINS controlled the purse strings for the corporate Defendant. Defendant PERKINS hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

12. Plaintiff re-alleges and re-avers paragraphs 1 through 11 as fully set forth herein.

13. Plaintiff was employed by the Defendants as a non-exempt  laborer and driver.

14. Plaintiff was employed from on or about June 2, 2016 through November 10, 2016.

15. During the approximate period of June 2, 2016 through November 10, 2016 Plaintiff worked approximately 50 hours per week and was paid $14/hr., less uniform deductions, for said work but was not paid the time and one-half overtime rate for each hour worked. Therefore, Plaintiff claims the halftime overtime rate for each hour worked.

16. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

17. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 <u>et seq</u>. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

19. The similarly situated individuals are those individuals whom were employed by the Defendants as laborers like the Plaintiff, and whom were not paid overtime wages.

20. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards

Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

                        Dated: November 10, 2016

                        Law Office of Daniel T. Feld, P.A.
                        *Co-Counsel for Plaintiff*
                        2847 Hollywood Blvd.
                        Hollywood, Florida 33020
                        Tel: (305) 308 - 5619
                        Email: DanielFeld.Esq@gmail.com
                        */s Daniel T. Feld*
                        Daniel T. Feld, Esq.
                        Florida Bar No. 37013

                        Mamane Law LLC
                        *Co-counsel for Plaintiff*
                        1150 Kane Concourse, Fourth Floor
                        Bay Harbor Islands, FL 33154
                        Telephone (305) 773 - 6661
                        E-mail: mamane@gmail.com
                        *s/ Isaac Mamane*
                        Isaac Mamane, Esq.
                        Florida Bar No. 44561